IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| V&S ELMWOOD LANES, INC.,<br>Plaintiff,<br><br>v.<br><br>EVEREST NATIONAL INSURANCE<br>COMPANY,<br>Defendant. | CIVIL ACTION<br><br><br><br>NO.  20-3444 |

DuBois, J.                                                                                              January 8, 2021

**M E M O R A N D U M**

### I.      INTRODUCTION

Plaintiff V&S Elmwood Lanes, Inc. commenced this action against defendant Everest National Insurance Company seeking a declaration that it is entitled to coverage for losses caused by the COVID-19 pandemic under an insurance policy issued by defendant.

Presently before the Court is defendant's Motion to Dismiss Plaintiff's First Amended Complaint.  The Court notes that, due to the relative recency of the pandemic, Pennsylvania state courts have not yet developed a body of case law applicable to the state law issues presented in this case.  For that reason, and the reasons set forth below, the Court declines to exercise jurisdiction over this declaratory judgment action.

### II.     BACKGROUND

#### A.  The Policy

The facts as alleged in the Amended Complaint may be summarized as follows: Plaintiff owns and operates a bowling alley in Philadelphia, Pennsylvania.  Am. Compl. ¶ 11.  Defendant issued an insurance policy (the "Policy") to plaintiff "to cover business interruption loss [for its bowling alley] from June 14, 2019 to June 14, 2020." *Id*. ¶ 14.  The Policy covers losses caused by "direct physical loss or damage." *Id*. ¶ 22.  The Policy also contains an exclusion for losses

due to "any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." *Id*. ¶ 36.

### B. COVID-19 Pandemic

"On March 11, 2020 the World Health Organization [] made the assessment that COVID-19 shall be characterized as a pandemic." *Id*. ¶ 53. COVID-19 is a "virus [that] is thought to spread mainly from person-to-person: between people who are in close contact with one another (within about 6 feet)." *Id*. ¶ 57.

In March 2020, "[v]arious civil authorities with jurisdiction over Plaintiff's [bowling alley]" issued orders to mitigate the further spread of COVID-19. *Id*. ¶ 67. "As a result of COVID-19 and [these] Civil Authority Orders," plaintiff (1) was "precluded from keeping its bowling alley open to the public"; and (2) "lost Business Income and incurred Extra Expense." *Id*. ¶¶ 48, 84. "Plaintiff has submitted a claim to [defendant] related to such losses, but [defendant] denied Plaintiff's claim." *Id*. ¶ 76.

### C. The Present Action

Plaintiff filed a Complaint on July 14, 2020 and an Amended Complaint on October 5, 2020. In the Amended Complaint, plaintiff seeks a declaratory judgment that the Policy covers its losses related to COVID-19, and that the virus exclusion does not apply.

On November 2, 2020, defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint. Plaintiff filed its response on November 16, 2020, and defendant filed a reply on November 30, 2020. The motion is thus ripe for decision.

### III. LEGAL STANDARD

Under the Declaratory Judgment Act, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or

could be sought." 28 U.S.C. § 2201(a). "The Supreme Court has long held that this confers discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). As a result, district courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

## IV. DISCUSSION

The Court first considers whether it may decline to retain jurisdiction over this action, as the Court's conclusion on this issue impacts whether it must then consider defendant's motion.

### A. Retention of Jurisdiction

Neither party has argued that the Court should decline to retain jurisdiction over this declaratory judgment action. Nevertheless, "a court may *sua sponte* exercise its discretion not to hear a case under the Declaratory Judgment Act." *Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies*, No. 16-1343, 2016 WL 8256412, at *23 (E.D. Pa. Sept. 16, 2016).

In determining whether to decline jurisdiction under the Declaratory Judgment Act, courts consider whether, in addition to a claim for declaratory relief, the plaintiff asserts "an independent claim seeking legal relief." *Greg Prosmushkin, P.C. v. Hanover Ins. Grp.*, No. 20-2561, 2020 WL 4735498, at *2 (E.D. Pa. Aug. 14, 2020). Where the plaintiff only asserts a claim for declaratory relief, "the court retains discretion to decline jurisdiction of the entire action" after considering a multi-factor test set forth by the Third Circuit in *Reifer*. *See Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017) (citing *Reifer*, 751 F. 3d at 144–46). On the other hand, where the plaintiff asserts independent claims seeking legal relief, "the court has a virtually unflagging obligation to hear those claims . . . ." *Id*.

Plaintiff only asserts a claim for declaratory relief in this action. Am. Compl. ¶ 104 ("Plaintiff does not seek any determination of amount of damages, or any other remedy other than declaratory relief."). Therefore, the Court has no "virtually unflagging obligation" to hear plaintiff's claim. *Rarick*, 852 F.3d at 229.

Defendant cites a number of decisions in which courts in this district granted motions to dismiss complaints seeking relief from insurers for COVID-related losses. Those decisions do not alter the Court's analysis on the ground that, in all but one case found by the Court,[1] the plaintiff asserted an independent claim for breach of contract in addition to seeking a declaratory judgment. *4431, Inc. v. Cincinnati Ins. Cos.*, No. 20-4396, 2020 WL 7075318, at *3 (E.D. Pa. Dec. 3, 2020) (plaintiffs asserted "a claim for declaratory judgment . . . as well as a claim for breach of contract"); *Kessler Dental Assocs., P.C. v. Dentists Ins. Co.*, No. 20-3376, 2020 WL 7181057, at *2 (E.D. Pa. Dec. 7, 2020) (plaintiff "filed an Amended Complaint . . . for declaratory judgment and breach of contract"); *Toppers Salon & Health Spa, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 20-3342, 2020 WL 7024287, at *2 (E.D. Pa. Nov. 30, 2020) (plaintiff "filed this action . . . for breach of contract"); *Brian Handel D.M.D., P.C. v. Allstate Ins. Co.*, No. 20-3198, 2020 WL 6545893, at *1 (E.D. Pa. Nov. 6, 2020) (plaintiff asserted claims "for a declaratory judgment and for breach of contract"); *Wilson v. Hartford Cas. Co.*, No. 20-3384, 2020 WL 5820800, at *1 (E.D. Pa. Sept. 30, 2020) (plaintiff asserted "[a] request for declaratory relief" and "breach of contract"). For example, in *4431, Inc.*, the court granted a defendant's motion to dismiss and distinguished several recent cases which declined jurisdiction as follows:

---

[1] In *Newchops Rest. Comcast LLC v. Admiral Indem. Co.*, the court granted a defendant's motion to dismiss a complaint which only sought a declaration "that [an insurer] must cover the business losses resulting from . . . [COVID-related] shutdown orders." No. 20-1869, 2020 WL 7395153, at *1 (E.D. Pa. Dec. 17, 2020). The *Newchops* court did not address its discretion to decline to retain jurisdiction.

4

> [I]n several recent COVID-based insurance disputes in which federal courts in this Circuit have *declined* to exercise jurisdiction, unlike Plaintiffs' Complaint here the complaints at issue presented *only* a request for declaratory judgment and no claims for legal relief. The absence of independent legal claims allowed these courts to retain the more expansive discretion afforded under *Reifer* to decline the exercise of jurisdiction.

2020 WL 7075318, at *3. Therefore, given that plaintiff only seeks declaratory relief, the Court must consider the multi-factor test set forth in *Reifer* to determine whether to retain jurisdiction in this case.

### B. *Reifer* Factors

In *Reifer*, the Third Circuit set forth a list of factors for courts to consider when determining whether to retain jurisdiction under the Declaratory Judgment Act:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146.  The Court notes at the outset that factors three and five weigh against retaining jurisdiction.  The remaining factors do not significantly impact the Court's analysis.[2]

*Factor Three*: Under the third factor, the Court considers the public's interest in resolving "the uncertainty of obligation[s]" giving rise to the parties' dispute.  *Id.* at 146.  As a general matter, "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law."  *Atl. Mut. Ins. Co. v. Gula*, 84 F. App'x 173, 174 (3d Cir. 2003).  Furthermore, "it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law . . . ."  *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000).  "Such matters should proceed in normal fashion through the state court system."  *Id.*

The public interest is not better served by a federal court deciding this declaratory judgment action, which presents novel and unsettled state law issues.  "[T]here is not yet a body of caselaw developed by Pennsylvania courts on these issues due to the relative recency of the COVID-19 pandemic."  *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, No. 20-787, 2020 WL 5051459, at *3 (W.D. Pa. Aug. 27, 2020).  Furthermore, this action is "restricted to issues of state law."  *Gula*, 84 F. App'x at 174.  Therefore, the third factor weighs against retaining jurisdiction.

*Factor Five*: Under the fifth factor, the Court considers whether the "same issues are pending in a state court."  *Reifer*, 751 F.3d at 146.

The same issues presented in this case—namely, whether an insured is entitled to insurance coverage for losses caused by COVID-19—are pending in Pennsylvania state courts.

---

[2] Factors one, two, and four are neutral as applied to this case.  In particular, the remedy that plaintiff seeks, a declaratory judgment, is available in state court.  As to the sixth and seventh factors, "there are no parallel proceedings which present any issue of duplicative litigation or *res judicata* concerns."  *Mattdogg, Inc. v. Phila. Indem. Ins.*, No. 20-6889, 2020 WL 6111038, at *4 n.5 (D.N.J. Oct. 16, 2020).  Finally, the eighth factor is not relevant because it only relates to an insurer's duty to defend in an underlying state court action.

*See, e.g., Joseph Tambellini, Inc. v. Erie Ins. Exch.*, Nos. 20-5137, 20-6901, 2020 Pa. Dist. & Cnty. Dec. LEXIS 2673 (Nov. 19, 2020).  Courts in this Circuit have recognized that such cases are pending and, as a result, determined that the fifth factor weighs against retaining jurisdiction. *See DiAnoia's Eatery*, 2020 WL 5051459, at *3; *Venezie Sporting Goods, LLC v. Allied Ins. Co. of Am.*, No. 20-1066, 2020 WL 5651598, at *5 (W.D. Pa. Sept. 23, 2020) (there were "at least thirty-five (35) COVID-19 business interruption insurance [cases] in Pennsylvania state courts").  Therefore, the fifth factor weighs against retaining jurisdiction.

In short, after balancing the *Reifer* factors, the Court concludes that they weigh against retaining jurisdiction.  This conclusion is consistent with a number of prior decisions in this Circuit declining jurisdiction over similar actions where the plaintiff only sought declaratory relief.  *Greg Prosmushkin*, 2020 WL 4735498, at *5 (declining jurisdiction where "[p]laintiffs have not brought a claim for any legal relief"); *Venezie Sporting Goods*, 2020 WL 5651598, at *2 (declining jurisdiction where "the relief sought is purely declaratory"); *DiAnoia's Eatery*, 2020 WL 5051459, at *2 (declining jurisdiction in "single-count declaratory judgment action"); *Mattdogg*, 2020 WL 6111038, at *3 (declining jurisdiction where "[p]laintiff seeks only declaratory relief"); *Umami Pittsburgh, LLC v. Motorists Commer. Mut. Ins. Co.*, No. 20-999, at 1 n.1 (W.D. Pa. Aug. 26, 2020) (declining jurisdiction where "[p]laintiff seeks solely declaratory relief").  Accordingly, the Court declines to exercise jurisdiction and, as a result, it need not consider defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

V.   **CONCLUSION**

For the foregoing reasons, the Court declines to exercise jurisdiction and dismisses this action without prejudice to plaintiff's right to file a declaratory judgment action in state court.  An appropriate order follows.